UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VERNELL MCNEAL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NEVADA BOARD OF PAROLE<br>COMMISSIONERS, et al.,<br><br>　　　　Defendants. | Case No. 2:10-CV-00185-KJD-(RJJ)<br><br>**ORDER** |

　　　　Plaintiff has submitted an application to proceed in forma pauperis (#3) and a first amended civil rights complaint pursuant to 42 U.S.C. § 1983. The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must still pay the filing fee in monthly installments. 28 U.S.C. § 1915(b)(2). The court has reviewed the complaint, and the court will dismiss this action.

　　　　When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and

are to be construed in the light most favorable to the plaintiff.  Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff alleges that a sentence with a minimum term of 2 years commenced on March 7, 2006.  Plaintiff became eligible for parole from that term on March 9, 2008.  Plaintiff testified on behalf of another inmate in that inmate's trial for murder, and that inmate was acquitted.  After the trial, plaintiff's name disappeared from the parole agenda until July 18, 2008, four months after he became eligible for parole.  Plaintiff claims that the change in the parole board's agenda converted his minimum term from 24 months to 28 months.  Plaintiff also claims that by the time that the parole board considered plaintiff, he had been found guilty of a violation of prison rules, and the parole board denied him parole for that reason.

The court cannot grant plaintiff relief in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff seeks monetary damages.  However, if plaintiff succeeds with his claims, then that success would necessarily imply that the denial of parole was improper and that plaintiff should have been released from prison.  "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  See also Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (applying Heck to the denial of parole).

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (#3) is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the

1  giving of security therefor.  This order granting leave to proceed in forma pauperis shall not extend
2  to the issuance of subpoenas at government expense.
3         IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada
4  Department of Corrections shall pay to the Clerk of the United States District Court, District of
5  Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #68075), in the
6  months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.
7  The clerk shall send a copy of this order to the finance division of the clerk's office.  The clerk shall
8  also send a copy of this order to the attention of the chief of inmate services for the Nevada
9  Department of Corrections, P.O. Box 7011, Carson City, NV 89702.
10        IT IS FURTHER ORDERED that the clerk file the first amended complaint, which is
11 attached to the application to proceed in forma pauperis (#3).
12        IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a
13 claim upon which relief can be granted.  The clerk of the court shall enter judgment accordingly.
14        DATED: July 1, 2010

_____
KENT J. DAWSON
United States District Judge